UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
DEXTER JOHNSON,  :
:
                            Plaintiff,  :
:
               -v-  :
:
CAROLYN COLVIN,  :
:
                         Defendant.  :
:
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 13, 2015

15-cv-3853 (KBF)

MEMORANDUM
OPINION & ORDER

KATHERINE B. FORREST, District Judge:

      Plaintiff brings this action under 42 U.S.C. § 405(g), seeking review of an adverse decision on his application for Social Security disability and Supplemental Security Income benefits.  Defendant moved to dismiss the Complaint on the basis that it was not timely filed.  Plaintiff opposed the motion, arguing that his filing should be considered timely because the original date of his filing was within the statute of limitations.  Plaintiff alleges that his original filing was put on hold by the clerk's office of the White Plains courthouse of the Southern District of New York because the Complaint bore an electronic signature of his attorney instead of a physical "wet" signature.  Plaintiff argues that according to Fed. R. Civ. P. 5(d)(4), this technical delay does not make his Complaint untimely.  Defendant did not respond to plaintiff's opposition.

      Because the rejection of a filing by the clerk for a technical deficiency does not render the filing untimely, defendant's motion to dismiss is DENIED.  However,

the Court is nevertheless concerned about the Complaint's failure to meet the basic pleading requirements and therefore grants the plaintiff leave to file an amended Complaint.

I.    BACKGROUND

On August 16, 2013, an administrative law judge ("ALJ") of the Office of Disability Review and Adjudication of the Social Security Administration denied plaintiff's application for benefits.  (Decl. Roxy Nicoll ("Nicoll Decl.") Ex. 1.)  Plaintiff requested that Appeals Council review the denial, and on March 9, 2015 the Appeals Council denied the request to review.  (Nicoll Decl. Ex. 2.)

Plaintiff alleges that on May 8, 2015, he sent his Complaint and Summons via certified mail to the Clerk of the Southern District of New York at 300 Quarropas St., White Plains, NY 10601.  (Aff. Gideon Miller ("Miller Aff.") ¶ 2.)  On May 13, 2015, plaintiff's attorney received a call from an individual who identified herself as a staff member in the Clerk's office of the White Plains courthouse of the Southern District of New York.  That individual stated that the Complaint contains an electronic signature of one of plaintiff's attorneys, and that she will put the Complaint "on hold" until she received a copy with the attorney's personal, "wet" signature.  (Id. at ¶ 3.)  On May 13, 2015, plaintiff's attorney re-sent a copy of the Complaint bearing the "wet" signature via certified mail.  (Id. at 4.)  The Complaint—bearing the "wet" signature—was docketed on May 19, 2015. (ECF No. 1.)

Defendant argues that federal regulations require that a civil action in federal district court be filed within 60 days of the Appeal's Council's notice of denial (with five days added for receipt of the notice), and that plaintiff's Complaint was docketed on May 19, 2015, six days after the 60-day deadline of May 13, 2015. (Def.'s Mem. L. ISO Mot. Dismiss at 7.)  In response, plaintiff argues that the Clerk erred in refusing to file plaintiff's original Summons and Complaint when she first received it on or before May 13, 2015, since Fed. R. Civ. P. 5(d)(4) prohibits her from refusing "to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." (Pl.'s Opp. Br. at 3.)  Because the Clerk had the Complaint in her possession on or before May 13, 2015, plaintiff argues, the Complaint was timely filed under the Federal Rules.  (Id.)

II. DISCUSSION

   A.   Timeliness of Plaintiff's Complaint

The gravamen of defendant's motion to dismiss is that the Complaint was not filed prior to May 13, 2015, and therefore violates the 60-day statute of limitations of the Social Security Act's implementing regulations, 20 C.F.R. § 422.210. Plaintiff, however, does not contest that the statute of limitations expired on May 13, 2015.  He instead alleges that his Complaint was filed on or before May 13, 2015 because the clerk had received it by then, and therefore the Complaint should be considered timely.

A civil action for a district court's review of an ALJ's decision "must be instituted within 60 days after the Appeals Council's notice of denial of request for

3

review of the [ALJ]'s decision or notice of the decision . . . the date of receipt of notice of denial . . . shall be presumed to be 5 days after the date of such notice . . . ." 20 C.F.R. § 422.210.  "A civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  In turn, a complaint is "filed by delivering it . . . to the clerk."  Fed. R. Civ. P. 5(d)(2).  In addition, "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."  Fed. R. Civ. P. 5(d)(4).

It is well-settled law that a filing should not be deemed untimely merely because it was rejected by the clerk for failure to comply with some technical rule. See Becker v. Montgomery, 532 U.S. 757, 760 (2001) ("For want of a signature on timely notice, the appeal was not automatically lost."); Contino v. United States, 535 F.3d 124,127 (2d Cir. 2008) (holding that a notice of appeal should not be rejected for untimeliness "because of an error in the form of the notice of appeal"); Kalican v. Dzurenda, 583 Fed. App'x. 21, 23 (2d Cir. 2014) (summ. order) (holding that plaintiff's "unsigned complaint should not have been rejected and returned; it should have been filed, and . . . [plaintiff] should have been directed to fix any technical errors of legal procedure"); Rodriguez v. City of New York, No. 10 CIV. 1849 PKC, 2011 WL 4344057, at *3 (S.D.N.Y. Sept. 7, 2011) (holding that a Complaint without a proper signature is deemed "filed on [its original drop date at the Courthouse] even though it was not in proper form" because it was then promptly corrected).

In this case, plaintiff has submitted an affidavit from his attorney, which indicates that the Complaint was timely filed under the Federal Rules and the prevailing caselaw. Plaintiff's counsel states that he submitted a Complaint via certified mail on May 8, 2015 and that a staff member of this Court's clerk's office had called him on May 13, 2015, informing him that the Complaint and Summons are "on hold" until the Complaint's signature was corrected to the proper format. (Miller Aff. ¶ 2-3.) The name of the clerk's staff that plaintiff's attorney provided in his affidavit closely matches the name of an individual who does indeed work in the Clerk's office in the White Plains courthouse of the Southern District of New York. (Id. at ¶ 3.) Plaintiff's attorney also affirmed that he promptly corrected the signature and re-sent the Complaint via certified mail on the same day, May 13, 2015.[1] (Id. at ¶ 4.) A Complaint bearing a proper signature was received by the Court six days later, on May 19, 2015.

Based on the facts alleged by plaintiff and uncontested by defendant, the Complaint was received by the Clerk on or before May 13, 2015, the date on which the statute of limitations expired. It was not docketed solely due to a technical issue with the signature's format. Although the Clerk did not officially place the Complaint on the docket, it should be considered "filed" on May 13, 2015 because plaintiff "deliver[ed] it . . . to the clerk" on or before that date. Fed. R. Civ. P. 3.

---

[1] Fed. R. Civ. P. 11 provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Plaintiff's attorney states that he promptly corrected the signature issue after the clerk informed him of it on May 13, 2015.

5

Because "[t]he clerk must not refuse to file a paper" solely because of a technical error with the signature, Fed. R. Civ. P. 5(d)(4), the incorrectly signed complaint "should have been filed" on the date of its receipt at the courthouse with directions for plaintiff to fix the signature. Kalican, 583 Fed. App'x. at 23. Therefore, plaintiff's Complaint was timely filed on May 13, 2015, 60 days after he received notice of the Appeals Council's denial, according to the statute of limitations under 20 C.F.R. § 422.210.

    B.    <u>Pleading Requirements</u>

This Court, however, also has serious concerns about whether plaintiff's Complaint meets the pleading requirements of Fed. R. Civ. P. 8(a)(2) as set forth in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). Rule 8(a) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In the instant Complaint, plaintiff recites only the bare bones of the procedural posture of his case and asserts that the administrative law judge "erred in that his decision is not supported by substantial evidence in the record as a whole." (Compl. ¶ 4.) The Court cautions plaintiff that he must do more than merely demonstrating that he has met the jurisdictional requirements set forth in 23 U.S.C. § 405(g). "While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge plaintiffs' claims across the line from conceivable to plausible." <u>In re Elevator Antitrust Litig.</u>, 502 F.3d 47, 50 (2d Cir. 2007)

(alternations omitted).  If plaintiff wishes to amend his Complaint, the Court hereby grants leave for him to do so not later than **November 20, 2015**.

III.   CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is DENIED; however, in light of the Complaint's deficiencies, plaintiff shall amend the Complaint by filing a copy on ECF not later than **November 20, 2015**.  The Clerk of Court is directed to terminate the motion at ECF No. 4.

SO ORDERED.

Dated:     New York, New York
           November 13, 2015

_____
           KATHERINE B. FORREST
           United States District Judge